Dorothea Sims TORBETT, Guardian of the
Estate of Karen Lynn Torbett,
a Minor, Appellant,

v.

C. A. McCOY, Administrator, Appellee.

No. 4296.

Court of Civil Appeals of Texas.

Waco.

Dec. 10, 1964.

Rehearing Denied Jan. 14, 1965.

See, also, Tex.Civ.App., 366 S.W.2d 592.

Robert G. Carter, Marlin, for appellant.

Reagan & Welch, Marlin, Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Falls County, approving the final account of C. A. McCoy, Administrator with will annexed, of the estate of Nannie King Torbett, deceased.

Counsel for appellant stated in oral argument, and we agree, that the issues narrow to a determination of whether 3 items of disbursement of the Administrator were improper. These items are: $3000 paid to Torbett Clinic and Hospital; $500 paid to the Administrator; and $1400 paid to J. W. Torbett III.

Appellant, Dorothea Torbett, Guardian, contends that the Trial Court erred in approving the final account because: 1) there was no evidence that such items were just claims against the estate; 2) the ad-

ministrator did not file his claim for the $500 against the estate within 6 months after he qualified; 3) the $500 item and the $1400 item were claims against the J. W. Torbett Trust Estate, and not claims against the Nannie King Torbett Estate.

The 3 complained of items were paid after application to, and upon order of the County Judge, and were carried forward as disbursements in the Administrator's Final Account.

The County Court approved such final account, and ordered distribution to the devisees in the will, of the balance of the estate. Appellant excepted to the order of the County Court approving the final account, and gave notice of appeal to District Court.

Trial de novo was before the District Court without a jury, which after hearing, entered judgment approving the Administrator's Final Account.

The record reflects that Dr. J. W. Torbett, Sr. and his wife, Nannie King Torbett, executed a joint and mutual will. Dr. Torbett died first, and under the will his estate was left in trust, for the life of Mrs. Torbett. Such trust provided, among other things, for payment by the trustee of $200 per month to J. W. Torbett III, with the balance of the trust's income to be paid to Mrs. Torbett each month. The trustee had the discretionary right to reduce the monthly payment to J. W. Torbett III by one-half, if the trustee felt that the welfare of Mrs. Nannie King Torbett required such. At the death of Mrs. Torbett the trust estate, and Mrs. Torbett's estate vested in J. W. Torbett III and the appellant's ward. The will further provided compensation for the Trustee and Executor in an amount, "of the reasonable value of such time as may be actually devoted to the affairs of the estate, to be determined by the executors and trustees in the exercise of fair discretion." C. A. McCoy was Trustee of Dr. Torbett's estate, and some 14 months prior to Mrs. Torbett's death, being fearful there would not be sufficient money on hand to take care of Mrs. Torbett, reduced the payment to J. W. Torbett III to $100 per month. After Mrs. Torbett's death, McCoy became administrator with will annexed, of Mrs. Torbett's estate. He applied to the County Court for authorization to, and was ordered to pay to J. W. Torbett III the sum of $1400, (an amount equal to the $100 per month for the 14 months the payment to him had been reduced from $200 per month). McCoy never paid himself anything for serving as Trustee of Dr. Torbett's estate, or anything for serving as Administrator of Mrs. Torbett's estate. He made application to the County Court to pay himself $500 for his services "as Trustee of Dr. Torbett's Estate and as Administrator of Mrs. Torbett's Estate." The County Court ordered this payment for "McCoy's services as Trustee of Dr. Torbett's Estate and as Administrator of Mrs. Torbett's Estate."

■ The record reflects that the $3000 disbursement was to the Torbett Clinic and Hospital in settlement of Mrs. Torbett's hospital bill amounting to some $8300. We think the evidence ample to establish that this disbursement was for debt actually owed by the deceased, and that such was a just debt of the estate. We likewise think the evidence ample to establish the $500 disbursement to the Administrator as fair and reasonable compensation for his services to the estate of Mrs. Torbett only, and as such, a just debt of her estate. Appellant's complaints as to these 2 items are overruled. Jones v. Gibbs, 133 Tex. 627, 130 S.W.2d 265; Cartledge v. Billalba, Tex. Civ.App., 154 S.W.2d 219, Er.Ref. W. M.

■ The $1400 item paid by the Administrator from the estate of Nannie King Torbett presents a different situation. Under the will of Dr. Torbett, the income each month became the individual property of Mrs. Torbett, free of control of the trustee, after the payment to J. W. Torbett III. The will gave the Trustee discretionary power to reduce the monthly payment to J. W. Torbett III from $200 to $100. This discretion was exercised by the Trustee, and

**738**

is not subject to review. Upon the death of Mrs. Torbett, the Dr. Torbett trust terminated and the property on hand vested in fee simple in the beneficiaries. The Administrator of Mrs. Torbett's estate was not legally authorized to make up from Mrs. Torbett's estate the $1400, which could have been, but was not paid to J. W. Torbett III from Dr. Torbett's estate. The approval by the District Court of this disbursement in the Administrator's Final Account was erroneous.

The judgment of the District Court is reversed, insofar as it approves the disbursement of the $1400 claim to J. W. Torbett III; and in all other respects affirmed. The cause is remanded with instruction to restate the final account, disallowing the $1400 disbursement and to certify same to the County Court for observance. Reversed and remanded.